20254. STATE OF GEORGIA *et al.* v. PARRAMORE *et al.*

ARGUED OCTOBER 15, 1958—DECIDED NOVEMBER 7, 1958.

*Eugene Cook, Attorney-General, Ben F. Johnson, Jr., Assistant Attorney-General, T. Baldwin Martin, George C. Grant, Hugh W. Gibert, Deputy Assistant Attorneys-General,* for plaintiffs in error.

*Eberhardt, Franklin, Barham & Coleman, H. C. Eberhardt, Copeland & Smith, J. Lundie Smith, Hamilton Burch, W. W. Rehberg, Ed Barham, C. J. Taylor, Tillman & Brice, John W. Langdale, Otis L. Hathcock,* contra.

WYATT, Presiding Justice. 1. It is insisted that the claim presented by the State of Georgia and T. V. Williams as State Revenue Commissioner is based upon a check; and since Code

§ 14-1707 provides that "A check of itself does not operate as an assignment of any part of the funds to the credit of the drawer with the bank, and the bank is not liable to the holder unless and until it accepts or certifies the check," there can be no recovery because it does not appear that the private bank had accepted or certified the check. There is no merit in this argument. The allegations with reference to the check mean nothing more than that the State attempted to withdraw the fund involved and was unsuccessful in doing so.

2. We now consider the question as to whether or not the State of Georgia has a lien on the assets of the bank, and, if so, the rank or priority of such lien. Ga. L. 1919, p. 159, sec. 19, in fixing the order or priority in the payment of claims against a bank that fails or is liquidated, places "debts due the State of Georgia" in first place and "debts due to depositors and other contractual liabilities pro rata" in seventh place. This law was amended in 1925 (Ga. L. 1925, p. 129, sec. 19), and again "debts due the State of Georgia" were given first priority, but depositors were raised from seventh to fifth place. In 1927 (Ga. L. 1927, p. 199, sec. 19), the order of priority was changed, the first order being "debts due depositors." The second order of priority was "debts due for taxes, State and Federal." It is argued that the last-named act of the General Assembly does not apply to private banks. The language used is, "The order of paying off debts due by insolvent banks shall be as follows." Certainly this language covers any insolvent bank whether being administered by a liquidating agent or by a receiver, and whether a regularly chartered bank or a private bank.

The General Assembly in 1933 (Ga. L. 1933, p. 78; Code § 89-813) provided: "Upon any deposit of public funds being made in any bank, whether designated as a depository or not, there shall arise in favor of the public body to which such funds belong a lien on all the assets of said bank, superior to all other liens for the amount of such funds. All funds of any public body upon being deposited in any bank shall be deemed to be held as a trust fund." Certainly this language, "any bank," includes a private as well as a regularly chartered bank. The claim of the State here involved is not for "debts due for

taxes, State and Federal," but is based upon a fund collected by the State of Georgia through its automobile tag agent and deposited in this private bank. We see no reason why the deposit under the name "J. L. Futch, Tag Agent" was not sufficient to designate the deposit as public funds. It seems clear that, under the plain terms of the legislation above cited, the State in this case occupies the position of "debts due depositors" with "a lien on all the assets of said bank, superior to all other liens, for amount of said funds."

Many decisions of this court have been cited that antedate the above-cited legislation. They are, of course, not now controlling.

3. Since we have held in division two of this opinion that the State in this case occupies the position of a depositor with a lien, we now examine the status of secured creditors. It appears that the secured creditors in this case have advanced money to this private bank in the due course of business, and have received as security for the obligations thus created an assignment of certain property including choses in action, insurance policies, and security deeds to realty, and that title has been conveyed to the creditors. Code § 89-813 creates a lien in favor of the public body "on all assets of said bank superior to all other liens." Property, title to which has been conveyed by the bank to secure debts incurred in the regular course of the bank's business is not an asset of the bank under the meaning of said Code section. To hold otherwise would be to completely disregard the decisions of this court throughout the history of the State to the effect that, when money is advanced in the regular course of business and title to property is conveyed to secure the obligation thus created, the holder of the instrument occupies the position of a preferred creditor. When title is conveyed to secure the payment of a debt, the holder thereof has more than a mere lien; he holds title to the property thus pledged until his indebtedness is paid.

In *Seay* v. *Bank of Rome,* 66 *Ga.* 609, this court was dealing with the provisions of a statute which provided that from the date of the execution of the bond of a State depository, the State has a lien on its property for the amount thereof. The bank failed and "assigned all of its property, real and personal, notes,

accounts, money, and choses in action to John H. Reynolds, of the County of Floyd for the benefit of its creditors." The lien of the State was held to be superior to this voluntary assignment for the benefit of creditors. The reason given for so holding was, "the assignment does not affect the rights of the State. 'The assignee of a voluntary assignment for the benefit of creditors stands in no better situation than the assignor; neither he, nor the creditors whom he represents, are purchasers for a valuable consideration without notice as against prior equitable liens.'" In the instant case, the secured creditors to whom title has been conveyed are holders for a valuable consideration, and, in so far as this record shows, without notice.

In *Robinson* v. *Bank of Darien*, 18 *Ga.* 65, 96, this court, in discussing the lien of the State upon the assets of an insolvent bank, said: "Here the priority of the State is a rule only in the distribution of the property of the debtor, requiring the debt due the State to be first paid, where the individual creditor has no antecedent lien over-reaching it. This privilege does not embarrass the debtor. He may alien or encumber his estate, or use it in any way which his convenience or interest may dictate."

In the case of In re Blalock, 31 Fed. 2d 612, Judge Barrett, the author of the opinion, considering the principle of law we now have under consideration, said: "Can it be possible that the legislature intended that this bank could go to the Atlanta Bank, pledge in good faith for value its choses in action, receive money that was unincumbered, lend the money thus received, and procure other choses in action, and in time pledge such new choses in action for other money and so on indefinitely, and thus actually take the money furnished by the Atlanta Bank to create property in the way of notes or other choses in action, all of which would become subject to the lien? Would not every sense of fairness rebel at attributing to the Legislature such an unworthy purpose?

"It would take no seer to realize that, if the interpretation urged by the county were correct, it would apply to all State depositories as well, and inevitably there will be a paucity, if not an entire lack of depositories which would be willing to handle the State's money under such conditions. It would be

equivalent to the Bank's mortgaging its entire assets and proclaiming the same to the world. It would have all of the ill effects of a merchant's mortgaging his stock of goods, deprived of the right of realizing from the sale of specifics." The opinion then concludes: "My conclusion, therefore, is that the Atlanta and Lowry National Bank is entitled to a first claim or lien upon all the notes, accounts and choses in action that were pledged to it for money advanced to the Bank of Fayetteville as against the claim of the County of Fayette."

Applying the above-enunciated principles of law to the facts in the instant case, the State of Georgia and T. V. Williams as State Revenue Commissioner occupy the position of a depositor in a private bank with a lien on the assets of the bank, subject, however, to the claims of the secured creditors, who have had title to the security transferred to them to secure the obligations held by them, in so far as the property thus transferred to them is concerned, until the obligations of such secured creditors have been satisfied.

It follows from what has been said above, the judgment of the trial court was error.

*Judgment reversed. All the Justices concur.*